IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GENENTECH, INC. and INTERMUNE, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| GRANULES PHARMACEUTICALS, INC., GRANULES INDIA LTD. and GRANULES USA, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Genentech, Inc. ("Genentech") and InterMune, Inc. ("InterMune") (Genentech and InterMune, collectively, "Plaintiffs"), by their attorneys, for their Complaint against Defendants, Granules Pharmaceuticals, Inc., Granules India Ltd. and Granules USA, Inc. (collectively, "Granules" or "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Food and Drug Laws and Patent Laws of the United States, Titles 21 and 35 of the United States Code, respectively, concerning Defendants' submission of Abbreviated New Drug Application No. 212615, which seeks approval from the U.S. Food and Drug Administration ("FDA") to market a generic copy of Plaintiffs' drug Esbriet® (pirfenidone) 267 and 801 mg tablets, in violation of Plaintiffs' exclusive rights held under numerous patents that Plaintiffs have listed with the FDA for Esbriet®.

2.      Plaintiffs seek a judgment of patent infringement under 35 U.S.C. § 271(e)(2)(A), and the remedies provided under the Hatch-Waxman Act specified in 35 U.S.C. § 271(e)(4),

including, but not limited to, the specific remedy provided in 35 U.S.C. § 271(e)(4)(A), which provides that the Court "shall order the effective date of any approval of the drug … involved in the infringement to be a date which is not earlier than the date of the expiration of the patent which has been infringed."

## PARTIES

3.    Plaintiff Genentech is a corporation organized and existing under the laws of Delaware, having its principal place of business at 1 DNA Way, South San Francisco, CA 94080.  Genentech develops and commercializes pharmaceutical products throughout the United States, including within this judicial district, on its own behalf and on behalf of its affiliates within the Roche group of companies, including InterMune. Genentech holds New Drug Applications ("NDAs") in the United States for (i) Esbriet® capsules, 267 mg and (ii) Esbriet® tablets, 267, 534, and 801 mg. Genentech is also exclusively licensed by InterMune under the below-listed Asserted Patents, which cover Esbriet® FDA-approved formulations and its FDA-approved uses for safely and effectively treating Idiopathic Pulmonary Fibrosis.

4.    Plaintiff InterMune is a corporation organized and existing under the laws of Delaware, having its principal place of business at 1 DNA Way, South San Francisco, CA 94080.  InterMune owns the United States patents that have been listed with the FDA in connection with the NDAs held by Genentech for Esbriet®, including, but not limited to, all the Asserted Patents listed below.

5.    On information and belief, Defendant Granules India Ltd. ("Granules Ltd.") is a corporation organized and existing under the laws of India, having a principal place of business at 2nd Floor, 3rd Block, My Home Hub, Madhapur, Hyderabad, Telangana 500081, India.

6.      On information and belief, Granules Ltd. controls and directs two wholly owned subsidiaries in the United States named Granules Pharmaceuticals, Inc. ("Granules Pharma.") and Granules USA, Inc. ("Granules USA"). Granules Pharma. is a Delaware corporation having a principal place of business at 3701 Concorde Parkway, Chantilly, VA, 20151. Granules USA is also a Delaware corporation having a principal place of business at 35 Waterview Blvd, Parsippany, NJ, 07054.

7.      On information and belief, Granules Ltd. is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling, and marketing generic drugs throughout the United States, including within the State of Delaware, through its own actions and through the actions of its agents and subsidiaries, including Granules Pharma. and Granules USA, from which Granules Ltd. derives a substantial portion of its revenue.

8.      On information and belief, Granules Pharma. acted in concert with Granules Ltd. and Granules USA to prepare and submit ANDA No. 212615 (the "Granules ANDA") for Granules' 267 and 801 mg pirfenidone tablets (the "Granules ANDA Product"), which was done at the direction of, under the control of, and for the direct benefit of Granules Ltd. Following FDA approval of the Granules ANDA, Granules Ltd. will manufacture and supply at least components of the approved generic product to Granules Pharma. and/or Granules USA, which will then market and sell the product throughout the United States at the direction, under the control, and for the direct benefit of Granules Ltd.

## JURISDICTION AND VENUE

9.    This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq.,* seeking a finding and declaratory judgment of patent infringement under 35 U.S.C. § 271(e)(2)(A) and the remedies provided under the Hatch-Waxman Act specified in 35 U.S.C. § 271(e)(4).  Jurisdiction exists under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and venue is proper in this Court under 28 U.S.C. §§ 1391(c) and 1400(b).

10.    Venue is proper in this Court because, among other things, Granules Pharma. and Granules USA are both incorporated in the State of Delaware and therefore "reside" in this judicial district.  28 U.S.C. § 1400(b).  Granules Ltd. is a foreign corporation not residing in any United States district and may be sued in any judicial district. 28 U.S.C. § 1391(c).

## PERSONAL JURISDICTION OVER GRANULES LTD.

11.    Plaintiffs reallege paragraphs 1-10 as if fully set forth herein.

12.    On information and belief, Granules  Ltd. develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

13.    This Court has personal jurisdiction over Granules Ltd. because, *inter alia*, Granules Ltd., on information and belief: (1) has substantial, continuous, and systematic contacts with this State, either directly or through at least one of its wholly-owned subsidiaries or agents; (2) intends to market, sell, and/or distribute the Granules ANDA Products to residents of this State upon approval of ANDA No. 212615, either directly or through at least one of its wholly-owned subsidiaries or agents; (3) enjoys substantial income from sales of its generic pharmaceutical products in this State on its own and through Granules Pharma. and Granules

USA, which are both Delaware corporations; (4) owns Granules Pharma., which is a Delaware corporation; and (5) owns Granules USA, which is a Delaware corporation.

14.    Alternatively, to the extent the above facts do not establish personal jurisdiction over Granules Ltd., this Court may exercise jurisdiction over Granules Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because: (a) Plaintiffs' claims arise under federal law; (b) Granules Ltd. would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and (c) Granules Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, filing ANDAs with the FDA and manufacturing and selling generic pharmaceutical products through its U.S. subsidiaries that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Granules Ltd. satisfies due process.

### PERSONAL JURISDICTION OVER GRANULES PHARMA.

15.    Plaintiffs reallege paragraphs 1-14 as if fully set forth herein.

16.    On information and belief, Granules Pharma. develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

17.    This Court has personal jurisdiction over Granules Pharma. because, *inter alia*, Granules Pharma., on information and belief: (1) is incorporated under the laws of the State of Delaware; (2) intends to market, sell, or distribute Granules' ANDA Products to residents of this State; (3) is controlled by Defendant Granules Ltd.; (4) makes its generic drug products available in this State; (5) enjoys substantial income from sales of its generic pharmaceutical products in this State; and (6) is registered as a pharmacy wholesaler and controlled substance distributor/manufacturer with the Delaware Division of Professional Regulation.

## PERSONAL JURISDICTION OVER GRANULES USA

18.     Plaintiffs reallege paragraphs 1-17 as if fully set forth herein.

19.     On information and belief Granules USA develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

20.     This Court has personal jurisdiction over Granules USA because, *inter alia*, Granules USA, on information and belief: (1) is incorporated under the laws of the State of Delaware; (2) intends to market, sell, or distribute Granules' ANDA Products to residents of this State; (3) is controlled by Defendant Granules Ltd.; (4) makes its generic drug products available in this State; and (5) enjoys substantial income from sales of its generic pharmaceutical products in this State.

## BACKGROUND FACTS

21.     Esbriet®, which contains pirfenidone as its active ingredient, is a drug used for treating patients afflicted with a rare, fatal lung disease called Idiopathic Pulmonary Fibrosis ("IPF").

22.     IPF results in scarring of the lungs, which makes breathing difficult and prevents the heart, muscles, and vital organs from receiving enough oxygen to work properly.  The disease can advance quickly or slowly, but eventually the lungs will harden and stop working altogether.  The prognosis for IPF patients is extremely poor, with patients experiencing significant progressive worsening of disease, and median survival of 2-5 years after diagnosis. IPF is irreversible and fatal.  The cause is unknown, and there is no cure.

23.     Prior to Esbriet®, no drug had been approved in the United States as safe and effective for treating IPF.  Approval in the United States came only after extensive clinical

research by Plaintiff InterMune, which demonstrated that Esbriet® slows progression of the disease. The FDA's approval of Esbriet® would not have been possible without the twelve years of effort by InterMune, a biopharmaceutical company that dedicated itself to developing medicines for treating IPF.

24.    The FDA approved the first NDA for Esbriet® on October 15, 2014, shortly after Plaintiff InterMune was acquired by Plaintiff Genentech. This approval did not come easily. The FDA initially denied approval in 2010 following many years of research & development and multiple clinical trials. This necessitated further large-scale clinical trials and resubmission of the NDA in 2014. The clinical experimentation spanned over a decade and these combined results ultimately convinced the FDA that Esbriet® could be used safely and effectively to treat IPF patients.

25.    When it first approved Esbriet®, the FDA accorded it status as a Breakthrough Therapy, and awarded Esbriet® Orphan Drug Exclusivity for treating IPF, which runs until October 15, 2021.

26.    Granules now seeks to piggy-back on Plaintiffs' hard work by seeking FDA approval of the Granules ANDA that cross-references and relies upon Plaintiffs' clinical trial data. In so doing, Granules has not conducted any of the clinical trials needed to demonstrate effectiveness and safe conditions of use for its proposed Granules ANDA Product. Rather, Granules asks that the FDA permit the Granules ANDA to rely on proprietary clinical data submitted by Plaintiffs InterMune and Genentech.

27.    This action arose when Granules sent a letter notifying Plaintiffs that (i) it had filed the Granules ANDA seeking to rely on Plaintiffs' safety and efficacy data without consent,

and (ii) it is seeking FDA approval to commercially launch the Granules ANDA Product before Plaintiffs' exclusive patent rights to Esbriet® have expired.

## THE ASSERTED PATENTS

- U.S. Patent No. 8,383,150

28.     U.S. Patent No. 8,383,150 ("the '150 patent"), entitled "Granulate Formulation of Pirfenidone and Pharmaceutically Acceptable Excipients," was duly and legally issued by the Patent Office on February 26, 2013, and has not expired.

29.     Plaintiffs have maintained the entire right, title, and interest in the '150 patent throughout the period of Defendants' infringement and have the exclusive right to sue for infringement. A copy of the '150 patent is attached as Exhibit 1.

- U.S. Patent No. 8,420,674

30.     U.S. Patent No. 8,420,674 ("the '674 patent"), entitled "Method of Providing Pirfenidone Therapy to a Patient," was duly and legally issued by the Patent Office on April 16, 2013, and has not expired.

31.     Plaintiffs have maintained the entire right, title, and interest in the '674 patent throughout the period of Defendants' infringement and have the exclusive right to sue for infringement. A copy of the '674 patent is attached as Exhibit 2.

- U.S. Patent No. 8,778,947

32.     U.S. Patent No. 8,778,947 ("the '947 patent"), entitled "Methods of Administering Pirfenidone Therapy," was duly and legally issued by the Patent Office on July 15, 2014, and has not expired.

33.     Plaintiffs have maintained the entire right, title, and interest in the '947 patent throughout the period of Defendants' infringement and have the exclusive right to sue for infringement. A copy of the '947 patent is attached as Exhibit 3.

34.     The '150, '674, and '947 patents are referred to collectively herein as the "Asserted Patents."

**ACTS GIVING RISE TO THIS ACTION**

35.     Plaintiff Genentech is the holder of NDA No. 208780 (the "Genentech NDA") by which the FDA granted approval for 267, 534, and 801 mg pirfenidone tablets for treating IPF. Genentech holds the exclusive right to market these tablets in the United States under the trademark Esbriet®.

36.     Esbriet® tablets and the use of Esbriet® tablets in accordance with its FDA-approved label are covered by one or more claims of the Asserted Patents.

37.     The FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book") lists the Asserted Patents in connection with Esbriet® tablets.

38.     By letter dated December 19, 2018 (the "Notice Letter") Granules notified Plaintiffs that it had submitted the Granules ANDA to the FDA, seeking approval for commercial manufacture, use, and sale of the Granules ANDA Product in the United States prior to the expiration of the Asserted Patents.

39.     In the Notice Letter, Granules notified Plaintiffs that, as a part of its ANDA, it had filed a certification under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the Asserted Patents (the "Paragraph IV Certification"), that those patents are allegedly invalid, unenforceable and/or will not be infringed by the commercial manufacture, use, and sale of the Granules ANDA Product in the United States.

40.    By filing the Granules ANDA, Granules has necessarily represented to the FDA that the Granules ANDA Product will have the same pirfenidone active ingredient, route of administration, dosage form, and dosage strengths as Plaintiffs' FDA-approved Esbriet® tablets, and will be bioequivalent.

41.    Granules' Notice Letter contained an offer of confidential access ("OCA"), the terms of which the parties attempted to negotiate in good faith in an effort to reach a mutually acceptable agreement, and under which the Granules ANDA would be provided to Plaintiffs. The parties were unable to reach an agreement on the OCA terms because Granules' proposed OCA contained unreasonable restrictions well beyond those that would apply under a protective order on who could view the ANDA. For example, the proposed Granules OCA contained a broad patent prosecution and regulatory work bar (including but not limited to a patent-related bar and an FDA bar), which, among other things, does not have a carve-out for inter partes reviews or other adversarial proceedings. The proposed Granules OCA unreasonably restricted the ability of counsel to seek the opinions of Plaintiffs' employees and outside scientific consultants without written permission from Granules' designated counsel; and Granules had broad authority to reject any request by Plaintiffs to seek outside expert access to the Granules ANDA. The restrictions Granules placed on access to the Granules ANDA contravene 21 U.S.C. § 355(j)(5)(C)(i)(III), which states that an offer of confidential access "shall contain such restrictions as to persons entitled to access, and on the use and disposition of any information accessed, **as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information**" (emphasis added).  Plaintiffs have not been able to evaluate the Granules ANDA.  Plaintiffs require discovery from Granules in this action.

42.     This Complaint is being filed before the expiration of forty-five days from the date Plaintiffs received the Notice Letter.

## COUNT I

## INFRINGEMENT OF THE '150 PATENT

43.     Plaintiffs reallege paragraphs 1 to 42 as if fully set forth herein.

44.     Defendants' submission of the Granules ANDA to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of the Granules ANDA Product in the United States prior to the expiration of the '150 patent infringed at least one of the claims of the '150 patent, including but not limited to claims 1 and 27, either literally or under the doctrine of equivalents under 35 U.S.C. § 271(e)(2)(A).

45.     Defendants' manufacture, use, offer to sell, or sale of the Granules ANDA Product in the United States or importation of the Granules ANDA Product into the United States during the term of the '150 patent would further infringe at least one claim of the '150 patent, including but not limited to claims 1 and 27, under 35 U.S.C. §§ 271 (a), (b), and/or (c).

46.     On information and belief, the Granules ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '150 patent either literally or under the doctrine of equivalents.

47.     On information and belief, the use of the Granules ANDA Product constitutes a material part of at least one of the claims of the '150 patent; Defendants know that the Granules ANDA Product is especially made or adapted for use in infringing at least one of the claims of the '150 patent, either literally or under the doctrine of equivalents; and the Granules ANDA

11

Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

48.     On information and belief, the offering to sell, sale, and/or importation of the Granules ANDA Product would contributorily infringe at least one of the claims of the '150 patent, either literally or under the doctrine of equivalents.

49.     On information and belief, Granules had knowledge of the '150 patent and, by its promotional activities and package inserts for the Granules ANDA Product, knows or should know that it will aid and abet others' direct infringement of at least one of the claims of the '150 patent, either literally or under the doctrine of equivalents, and specifically intends that those activities will infringe the '150 patent.

50.     On information and belief, the offering to sell, sale, and/or importation of the Granules ANDA Product by Defendant would actively induce infringement of at least one of the claims of the '150 patent, either literally or under the doctrine of equivalents.

51.     If Defendants' marketing and sale of the Granules ANDA Product prior to expiration of the '150 patent and all other relevant exclusivities are not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

## COUNT II

### INFRINGEMENT OF THE '674 PATENT

52.     Plaintiffs reallege paragraphs 1 to 51 as if fully set forth herein.

53.     Granules' Notice Letter regarding its Paragraph IV Certification does not deny that the Granules ANDA Product will infringe claims 7-12 the '674 patent.

54.     On information and belief, Granules does not deny that the Granules ANDA Product will infringe at least certain claims of the '674 patent.

12

55.     Defendants' submission of the Granules ANDA to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of the Granules ANDA Product in the United States prior to the expiration of the '674 patent infringed at least one of the claims of the '674 patent, including but not limited to claims 1 and 6-12, either literally or under the doctrine of equivalents under 35 U.S.C. § 271(e)(2)(A).

56.     Defendants' manufacture, use, offer to sell, or sale of the Granules ANDA Product in the United States or importation of the Granules ANDA Product into the United States during the term of the '674 patent would further infringe at least one claim of the '674 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

57.     On information and belief, the Granules ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '674 patent either literally or under the doctrine of equivalents.

58.     On information and belief, the use of the Granules ANDA Product constitutes a material part of at least one of the claims of the '674 patent; Defendants know that the Granules ANDA Product is especially made or adapted for use in infringing at least one of the claims of the '674 patent, either literally or under the doctrine of equivalents; and the Granules ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

59.     On information and belief, the offering to sell, sale, and/or importation of the Granules ANDA Product would contributorily infringe at least one of the claims of the '674 patent, either literally or under the doctrine of equivalents.

60.    On information and belief, Granules had knowledge of the '674 patent and, by its promotional activities and package inserts for the Granules ANDA Product, knows or should know that it will aid and abet others' direct infringement of at least one of the claims of the '674 patent, either literally or under the doctrine of equivalents, and specifically intends that those activities will infringe the '674 patent.

61.    On information and belief, the offering to sell, sale, and/or importation of the Granules ANDA Product by Defendant would actively induce infringement of at least one of the claims of the '674 patent, either literally or under the doctrine of equivalents.

62.    If Defendants' marketing and sale of the Granules ANDA Product prior to expiration of the '674 patent and all other relevant exclusivities are not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

## COUNT III

### INFRINGEMENT OF THE '947 PATENT

63.    Plaintiffs reallege paragraphs 1 to 62 as if fully set forth herein.

64.    Granules' Notice Letter regarding its Paragraph IV Certification does not deny that the Granules ANDA Product will infringe the '947 patent.

65.    On information and belief, Granules does not deny that the Granules ANDA Product will infringe at least certain claims of the '947 patent.

66.    Defendants' submission of the Granules ANDA to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of the Granules ANDA Product in the United States prior to the expiration of the '947 patent infringed at least one of the claims of the '947 patent, either literally or under the doctrine of equivalents under 35 U.S.C. § 271(e)(2)(A).

14

67.     Defendants' manufacture, use, offer to sell, or sale of the Granules ANDA Product in the United States or importation of the Granules ANDA Product into the United States during the term of the '947 patent would further infringe at least one claim of the '947 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

68.     On information and belief, the Granules ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '947 patent either literally or under the doctrine of equivalents.

69.     On information and belief, the use of the Granules ANDA Product constitutes a material part of at least one of the claims of the '947 patent; Defendants know that the Granules ANDA Product is especially made or adapted for use in infringing at least one of the claims of the '947 patent, either literally or under the doctrine of equivalents; and the Granules ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

70.     On information and belief, the offering to sell, sale, and/or importation of the Granules ANDA Product would contributorily infringe at least one of the claims of the '947 patent, either literally or under the doctrine of equivalents.

71.     On information and belief, Granules had knowledge of the '947 patent and, by its promotional activities and package inserts for the Granules ANDA Product, knows or should know that it will aid and abet others' direct infringement of at least one of the claims of the '947 patent, either literally or under the doctrine of equivalents, and specifically intends that those activities will infringe the '947 patent.

72.    On information and belief, the offering to sell, sale, and/or importation of the Granules ANDA Product by Defendant would actively induce infringement of at least one of the claims of the '947 patent, either literally or under the doctrine of equivalents.

73.    If Defendants' marketing and sale of the Granules ANDA Product prior to expiration of the '947 patent and all other relevant exclusivities are not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

*     *     *

74.    Defendants' activities, as alleged herein, were undertaken with knowledge of the Asserted Patents and without a good faith belief that they are not infringing those patents. This is an exceptional case.

<h3 align="center">PRAYER FOR RELIEF</h3>

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

1.    A judgment that the claims of the Asserted Patents were infringed by Defendants' submission of the Granules ANDA, either literally or under the doctrine of equivalents, and are not invalid or unenforceable, and that Defendants' making, using, offering to sell, or selling in the United States, or importing into the United States the Granules ANDA Product will infringe the claims of the Asserted Patents, either literally or under the doctrine of equivalents.

2.    An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any approval of the Granules ANDA shall be a date which is not earlier than the latest expiration date of the Asserted Patents, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled.

3.    An Order permanently enjoining Defendants, their affiliates, subsidiaries, and each of their officers, agents, servants and employees and those acting in privity or concert with

16

them, from making, using, offering to sell, or selling in the United States, or importing into the United States the Granules ANDA Product until after the latest expiration date of the Asserted Patents, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled.

4.     Damages or other monetary relief, including costs, fees, pre- and post-judgment interest, to Plaintiffs if Defendants engage in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of the Granules ANDA Product prior to the latest expiration date of the Asserted Patents, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled.

5.     Such further and other relief as this Court deems proper and just, including any appropriate relief under 35 U.S.C. § 285.

MORRIS NICHOLS ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com

OF COUNSEL:

Mark E. Waddell
Warren K. MacRae
Ryan Hagglund
LOEB & LOEB LLP
345 Park Avenue
New York, NY  10154
(212) 407-4000

*Attorneys for Plaintiffs Genentech, Inc.*
*and InterMune, Inc.*

January 28, 2019

17